THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE LUIS RAMOS, Appellant.

Second Department, May 6, 1985

### APPEARANCES OF COUNSEL

*Jose Luis Ramos,* appellant *pro se.*

*Elizabeth Holtzman, District Attorney (Peter A. Weinstein* of counsel; *Michele H. Pellar* on the brief), for respondent.

### OPINION OF THE COURT

TITONE, J.

Defendant, acting *pro se,* seeks reargument of an appeal from a judgment of conviction which was affirmed by this court,

without opinion (*People v Ramos,* 91 AD2d 1209, *lv denied* 58 NY2d 1122) and, alternatively, for leave to appeal from an order of the Supreme Court, Kings County, which denied his application to vacate the judgment pursuant to CPL article 440. The only issue concerns the appropriate procedural vehicle to litigate a claim of ineffective assistance of appellate counsel. Although the question is a close one, we conclude that such claims should be pursued in postjudgment proceedings commenced pursuant to CPL article 440. Accordingly, we grant leave to appeal from the order denying such relief and reverse and remit the matter to the Supreme Court, Kings County, for determination of the application on the merits, and deny the motion for reargument.

Defendant was convicted of manslaughter in the first degree and assault in the first degree in connection with a stabbing at a Brooklyn social club. Defendant asserted a justification defense. On appeal, counsel raised a single contention concerning the conviction, namely, that defendant's constitutional right to counsel was violated by alleged premature deliberations conducted by the jury during the course of trial. Defendant requested an opportunity to serve a supplemental brief, which he subsequently withdrew. Although we affirmed without opinion (91 AD2d 1209, *supra*), our records indicate (*see, Town of Somers v Covey,* 2 NY2d 250, 256) that on "independent review" of the transcript (*see, People v Stubbs,* 30 AD2d 932) we found that defendant could raise no arguably meritorious challenge to the conduct of his trial.

Defendant then made application to vacate the judgment, contending that he was denied effective assistance of appellate counsel. In his motion papers, he complained of counsel's failure to raise an issue concerning the trial court's alleged refusal to answer a question posed by the jury, though he concedes that the alleged "error was not objected to by trial counsel". Criminal Term held that nisi prius is an "improper forum for the review of the effectiveness of Appellate Counsel * * * The petitioner should seek relief in the Appellate Division. If the Appellate Division determines that the Supreme Court is the proper forum, then this motion may, upon proper application, be restored to the calendar".

It is now beyond question that a criminal defendant is constitutionally entitled to effective assistance of counsel on any appeal which may be taken as of right (*Evitts v Lucey,* 469 US ___, 105 S Ct 830; *People v Gonzalez,* 47 NY2d 606). The more difficult question is the procedure that should be used to litigate

such claims, a question which has been left open by the Court of Appeals (*People ex rel. Douglas v Vincent,* 50 NY2d 901) and is the subject of conflicting decisions elsewhere (*see, Evitts v Lucey,* 469 US __, __, n 10, 105 S Ct 830, 838, n 10, *supra; United States v Winterhalder,* 724 F2d 109). The basic approaches are either a motion for reargument or a vacatur of judgment by the trial court to permit a fresh appeal. Each have their own drawbacks. On balance, however, we think that a motion to vacate in the trial court is the best approach.

Resort to reargument is unsatisfactory for several reasons.[1] First, it is basic that reargument may not be used to raise new questions not previously advanced in the briefs (*e.g., Simpson v Loehmann,* 21 NY2d 990). CPL 470.50 (1) and our rules (22 NYCRR 670.5) appear to limit reargument to points overlooked or misapprehended by the court. In fact, our rules limit the period in which to seek reargument to 30 days absent good cause shown. Finally, in some instances, an evidentiary hearing may be needed to ascertain why a certain issue was not pursued by appellate counsel (*see, Commonwealth v Sullivan,* 472 Pa 129, 371 A2d 468).

On the other hand, the procedure of vacating the judgment and resentencing nunc pro tunc upon the previous finding of guilt has been utilized in analogous circumstances in the past. For example, in instances in which a defendant failed to timely file a notice of appeal due to the fraud (*People v Lampkins,* 21 NY2d 138) or other failure of assigned counsel (*People v Montgomery,* 24 NY2d 130; *People v Callaway,* 24 NY2d 127), misconduct of prison officials (*People v Hairston,* 10 NY2d 92), insanity (*People v Hill,* 8 NY2d 935, *affg* 9 AD2d 451), or ignorance (*People v Adams,* 12 NY2d 417), the Court of Appeals held that a defendant could bring a proceeding in the nature of coram nobis. The court noted, "As to the form of such redress, it suffices to say that, although the writ of error *coram nobis* has traditionally been employed to bring to the attention of the trial court matters which occurred during the trial, this court has not hesitated to expand its scope when necessary to afford the defendant a remedy in those cases in which no other avenue of judicial relief appeared available" (*People v Hairston, supra,* at pp 93-94). Should defendant prove his allegations, the court continued, the

---

1. It should be noted that, in Federal practice, once the mandate has issued, a motion for reargument or rehearing must be coupled with a motion to recall the mandate in order to reinvest the appellate court with jurisdiction (*see, United States v DiLapi,* 651 F2d 140, 144, *cert denied* 455 US 938; 9 Moore, Federal Practice ¶ 241.02; 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure: Jurisdiction §§ 3938, 3986, 3987; *cf. Dunton v County of Suffolk,* 748 F2d 69). Thus, the use of the terms recall of mandate in Federal court opinions does not change the character of the motion from one for reargument.

defendant should be resentenced nunc pro tunc upon the prior finding of guilt so as to afford him "an opportunity of prosecuting and perfecting an appeal, since the time for taking such appeal would date from the rendition of the new judgment" (*People v Hairston, supra,* at p 94).

True, cases in which a defendant fails to take a timely appeal are now governed by statute (CPL 460.30; *see, People v Corso,* 40 NY2d 578) and a majority of the Court of Appeals expressly declined to reach the question of whether a contention of ineffective assistance of counsel may be heard in a proceeding in the nature of coram nobis (*People ex rel. Douglas v Vincent,* 50 NY2d 901, 903, *supra*). Judge Meyer, however, joined by two dissenters, urged that some type of coram nobis should be available.

Further, although the alleged error could have been asserted at the time of the original appeal, we do not view CPL 440.10 (2) (c) as a bar. A defendant who successfully demonstrates ineffective assistance of appellate counsel obviously has not engaged in an "unjustifiable failure to raise such ground or issue [of which he now complains] upon an appeal actually perfected by him" (CPL 440.10 [2] [c]). After all, it is not the alleged error alone, but an unjustified, unconstitutional failure of appellate counsel to raise the claim, that calls for relief. Inasmuch as a judgment of conviction is reviewable as of right at the intermediate appellate court level, a broad reading of CPL 440.10 (1) (h) — authorizing the vacatur of a judgment "obtained in violation of a right of the defendant under the constitution of this state or of the United States" — would encompass ineffective assistance of appellate counsel claims concerning representation in intermediate appellate courts.

A motion to vacate a judgment does not, in our view, impose any additional burdens upon the trial courts. In addition, in those infrequent instances in which it is necessary, the trial court is the best forum for an evidentiary hearing. Pennsylvania (*Commonwealth v Sullivan,* 472 Pa 129, 371 A2d 468, *supra*) and Kentucky (*Stahl v Commonwealth,* 613 SW2d 617, 618) follow this procedure and we find that this approach has the least drawbacks.

We would emphasize, as did the Pennsylvania court, that a finding of ineffective appellate counsel after an evidentiary hearing does not constitute a challenge to the integrity of appellate decisions. Such a determination merely finds that counsel failed to adequately present some claims to the appellate court upon which a defendant might have been entitled to relief. "In determining whether appellate counsel was effective, the [trial court] passes not on our decision, but only on the conduct of the counsel who presented the appeal * * * on a new record established in an evidentiary hearing — a record not

before the appellate court on direct appeal" (*Commonwealth v Sullivan,* 472 Pa 129, 143-144, 371 A2d 468, 475, *supra*).

In any event, cases in which ineffective assistance of appellate counsel has been rendered are extremely rare. Reasonable professional judgments by appellate attorneys as to what are the most promising issues on appeal should not be second-guessed (*Jones v Barnes,* 463 US 745, 103 S Ct 3308; *Tsirizotakis v LeFevre,* 736 F2d 57, 65, *cert denied* __ US __, 105 S Ct 216; *People v Kelly,* __ AD2d __). The failure to raise a particular claim, especially one which, because of the lack of appropriate protest at trial, would only be reviewable as a matter of discretion in the interest of justice and thus divert the court's attention from what appellate counsel might reasonably believe to be a stronger argument for reversal, does not render the representation constitutionally deficient (*Jones v Barnes, supra; United States ex rel. Roche v Scully,* 739 F2d 739, 744; *Cunningham v Henderson,* 725 F2d 32, 36-37).

Nevertheless, because Criminal Term did not pass on the merits of the claim, we remit the case to give it the opportunity to do so. In the event that ineffective assistance of appellate counsel is found, the proper procedure would be to vacate the judgment and resentence the defendant to allow a new appeal to be taken.

For these reasons, the motion insofar as it was for leave to appeal should be granted, the order dated June 13, 1984, reversed, and the case remitted to Criminal Term.[2] The motion insofar as it was for reargument should be denied.

MANGANO, J. (concurring in part and dissenting in part). I concur with so much of the majority opinion as (1) denied the defendant's motion insofar as it seeks reargument of our order affirming his conviction and (2) grants defendant's motion insofar as it seeks leave to appeal from the order of the Supreme Court, Kings County (Moskowitz, J.), dated June 13, 1984, which denied his application to vacate his conviction pursuant to CPL article 440.

The majority however, upon granting defendant leave to appeal from the June 13, 1984 order, holds that the order must be reversed and the matter remitted to Criminal Term for a determination on the merits of defendant's article 440 motion.

It is from this latter holding that I respectfully dissent. The order of the Supreme Court, Kings County, dated June 13, 1984 should, in my view, be affirmed.

---

2. Because the only issue involved is a narrow question of law which is collateral to the merits, we have decided the appeal on the basis of submissions rather than direct further briefing.

## I

Both branches of defendant's motion, i.e., to reargue, and for leave to appeal from the order of Criminal Term, are based on the same ground. Specifically, defendant argues that he was deprived of his constitutional right to effective assistance of appellate counsel (*Evitts v Lucey,* 469 US __, 105 S Ct 830), by virtue of appellate counsel's failure to raise an issue concerning the trial court's alleged refusal to answer a question posed by the jury, although the alleged error was not objected to by trial counsel.

The majority is of the view that the motion, insofar as it seeks reargument is an inappropriate vehicle to assert the particular ground raised by the defendant, and should be denied, on that basis, in view of the fact that (1) reargument is limited to points overlooked or misapprehended by the court and cannot be used to raise new questions not previously advanced, (2) a motion to reargue must normally be made within 30 days, and (3) an evidentiary hearing may be necessary to ascertain why a certain issue was not pursued by appellate counsel. In view of these arguments, and citations to numerous cases, the majority holds that defendant's present contention, i.e., ineffective assistance of appellate counsel, must be made in the trial court, by way of a motion to vacate the judgment of conviction pursuant to CPL article 440. The majority is further of the view that if defendant prevails in his 440 motion then Criminal Term must vacate his judgment of conviction, and resentence the defendant to allow a new appeal to be taken. Since Criminal Term in the instant case did not rule on the merits of defendant's CPL article 440 motion which alleged ineffective assistance of appellate counsel, but rather denied same on the ground that Criminal Term was an "improper forum for the review of the effectiveness of Appellate Counsel", the majority votes to reverse the order of Criminal Term and remit the matter to that court for a determination on the merits of the motion.

I find neither the arguments nor the precedents advanced by the majority, to be persuasive.

I turn first to the applicable case law.

## II

In *People ex rel. Douglas v Vincent* (50 NY2d 901, 903), a majority of our Court of Appeals addressed the particular issue involved at bar and specifically stated: "Thus we express no view as to whether the contention that relator was deprived of effective assistance of counsel on appeal may be heard in a proceeding in the nature of *coram nobis.*"

Faced with this legal vacuum, I am of the view that the decision of the United States Court of Appeals for the Second Circuit in *United States ex rel. Johnson v Vincent* (507 F2d 1309), is most persuasive on the issue before us. It appears that Johnson had made a motion in Bronx County Supreme Court pursuant to CPL 440.10 to vacate his judgment of conviction based, *inter alia,* on the ground of ineffective assistance of appellate counsel, i.e., the failure of appellate counsel to raise on appeal the issue of the trial court's refusal to instruct the jury on lesser included offenses. Justice Arnold Fein of the Supreme Court, Bronx County (now the Appellate Division, First Department), denied the motion, holding that the claim of inadequate representation of appellate counsel was not properly before him on a motion to vacate a judgment of conviction. In the course of its opinion denying habeas corpus relief due to Johnson's failure to exhaust available State remedies, the Court of Appeals for the Second Circuit specifically approved of Justice Fein's decision, by stating (*United States ex rel. Johnson v Vincent, supra,* at p 1312):

"The only point in the state proceedings where Johnson raised the claim of ineffective assistance of counsel was in his second motion to vacate the judgment of conviction, pursuant to N.Y. Crim. Proc. Law § 440.10 (McKinney 1971). This provision, however, permits collateral attack on a conviction only on the basis of errors committed *at trial,* as reflected in Justice Fein's decision denying Johnson's motion:

" 'If appellate counsel's alleged oversight is intended as a claim of inadequate representation, such conduct occurred at the appellate level and not during the course of the proceedings in the nisi prius court. It does not appear that the trial court erred.' "

Indeed, the decision of the Court of Appeals for the Second Circuit in *Johnson (supra)* clearly reflects practical reality. More often than not, motions alleging ineffective assistance of appellate counsel will focus on counsel's failure to raise on appeal, errors unpreserved for appellate review. In this situation, it is the appellate court that is best suited to judge a claim of ineffective assistance of appellate counsel. Persuasive precedent and common sense therefore demonstrate that the procedure suggested by the majority to litigate the claim of ineffective assistance of appellate counsel, i.e., a CPL article 440 motion in the trial court, is not the preferable one.

I am cognizant that a decision of the Supreme Court of Pennsylvania (*Commonwealth v Sullivan,* 472 Pa 129, 371 A2d

468), appears to be in conflict with that of *United States ex rel. Johnson (supra)*. However, the holding of *Commonwealth v Sullivan* is clearly limited to the particular Pennsylvania statute governing postjudgment relief, and in my view, is not entitled to the same deference as the decision of the Second Circuit Court of Appeals in *United States ex rel. Johnson (supra)* which has interpreted the scope of CPL 440.10.

All of the remaining cases cited by the majority, including those from this jurisdiction, are distinguishable from the facts at bar since they deal with situations which have long been considered by many courts to be properly within the scope of a coram nobis application, i.e., the inexcusable failure of counsel to timely file or perfect an appeal with resulting prejudice to defendant. Indeed, even in this latter situation, there is authority for the proposition that any application for relief must be made in the appellate court (*see, United States v Winterhalder,* 724 F2d 109; *Williams v United States,* 307 F2d 366).

### III

The procedural arguments, relied on by the majority, are similarly unpersuasive.

I agree with the majority that defendant's motion, technically speaking, was mislabeled as a motion for reargument. However, any defect in this regard can be cured by converting the motion into one to either "recall" or vacate our order. The motion to "recall" or vacate the appellate court's determination is a procedure utilized in the Federal courts (*see, Williams v United States, supra,* at p 368; *United States v Winterhalder, supra,* at p 111), and it has been cited by the Supreme Court of the United States in *Evitts v Lucey (supra,* p ___, n 10, p 838, n 10) as one of several possible solutions to the particular problem at bar.

Finally, the need, in some instances for an evidentiary hearing does not by itself mandate the majority's conclusion that the claim of ineffective assistance of appellate counsel must be brought before the trial court for ultimate determination. Any problem in this regard can be readily solved by referring the matter to Criminal Term to hear and report, which is a procedure often utilized by this court when it holds appeals in abeyance. In this procedure, the ultimate determination remains, as it should, with this court, and not with Criminal Term. As Justice Pomeroy stated in his dissent in *Commonwealth v Sullivan (supra,* pp 184-185, n 14, p 494, n 14): "If factual determinations are involved relative to matters not of record nor within

the direct knowledge of the appellate court, that may be accomplished in a proper case by reference to a master or to a trial court to perform a master's function."

It is for these reasons that I dissent in part and vote to affirm the order of the Supreme Court, Kings County, dated June 13, 1984.

## IV

With respect to defendant's motion to reargue, I would simply (1) convert it to a motion to "recall" or vacate our order affirming his conviction and (2) deny it on the merits (*Jones v Barnes,* 463 US 745, 103 S Ct 3308; *United States ex rel. Roche v Scully,* 739 F2d 739, 744; *Cunningham v Henderson,* 725 F2d 32, 36-37).

MOLLEN, P. J., and LAZER, J., concur with TITONE, J.; MANGANO, J., concurs in part and dissents in part, with an opinion.

Motion, insofar as it is for reargument, denied.

Motion, insofar as it seeks leave to appeal from the order dated June 13, 1984, granted by Justice Titone, and order of the Supreme Court, Kings County, dated June 13, 1984 reversed, as a matter of discretion in the interest of justice, and matter remitted to the Supreme Court, Kings County, for further proceedings, in accordance with the opinion herewith.