■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKEY L. BACHERT, Appellant.—Weiss, J. Appeal, by permission, from an order of the County Court of Chemung County (Castellino, J.), entered September 3, 1985, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of burglary in the second degree, criminal trespass in the second degree and petit larceny, without a hearing.

On September 21, 1982, defendant was convicted after trial of burglary in the second degree, criminal trespass in the second degree and petit larceny stemming from his unlawful entry into an apartment on two separate occasions. On appeal, defendant primarily asserted that the evidence was insufficient since he was too intoxicated to form the requisite intent to commit a crime. We affirmed the conviction (102 AD2d 904) and leave to appeal to the Court of Appeals was denied (63 NY2d 945). Thereafter, defendant made the instant application to vacate the judgment pursuant to CPL 440.10 (1) (h), contending that he was denied the effective assistance of appellate counsel.* Specifically, defendant complained that

---

* It appears that defendant's initial motion to vacate was denied on the premise that defendant failed to raise the issues presented on the direct

counsel failed to raise any question as to the prosecutor's misconduct and neglected to challenge the verdict as repugnant. County Court denied the motion, finding that it lacked jurisdiction pursuant to CPL 440.10 to review the effectiveness of appellate counsel. This appeal ensued.

On an appeal as of right, a defendant is constitutionally entitled to the effective assistance of counsel (see, *Evitts v Lucey,* 469 US 387; *People v Casiano,* 67 NY2d 906; *People v Gonzalez,* 47 NY2d 606). The issue presented on this appeal is what procedural vehicle is available to litigate a claim of ineffective appellate counsel. While the Court of Appeals has yet to directly review this issue (see, *People ex rel. Douglas v Vincent,* 50 NY2d 901, 903), the Appellate Division, Second Department, in *People v Ramos* (108 AD2d 209), recently resolved this same procedural dilemma by concluding that such postjudgment claims may appropriately be presented pursuant to CPL article 440. We concur.

As outlined in the *Ramos* decision, two potential avenues of review have been suggested: a motion for reargument before the appellate court or a vacatur of the judgment by the trial court (supra, p 211). The People urge that County Court is an inappropriate forum and that challenges to the effectiveness of appellate counsel are better pursued by a motion to reargue before the Appellate Division. Further, the People emphasize that CPL article 440 is designed solely to alleviate *trial* errors that undermine the validity of the judgment (see, *United States ex rel. Johnson v Vincent,* 507 F2d 1309, 1312, *cert denied* 420 US 994; *Bullock v Warden,* 575 F Supp 681, 684, n 6).

Reargument does pose a viable remedy, but has certain limitations (*People v Ramos, supra,* p 211). The focus on a motion to reargue is on points overlooked or misapprehended; new issues generally may not be considered and our rules (22 NYCRR 800.14 [f]) impose a 60-day time period in which to seek reargument (see, *Landskroner v Ternullow,* 586 F Supp 402, 403, 405; *see also,* 1 Newman, New York Appellate Practice §§ 10.02, 10.03). Moreover, an order denying reargument is not reviewable.

We find a motion to vacate pursuant to CPL article 440, which incorporates coram nobis procedure and enjoys an unlimited time frame, provides a more complete remedy. That

appeal (see, CPL 440.10 [2] [c]; *People v Cooks,* 67 NY2d 100). Defendant acknowledges that sufficient facts appeared on the record to allow for review on the appeal proper.

CPL article 440 limits the constitutionality ground (CPL 440.10 [1] [h]) to whether the "judgment" was obtained in violation of defendant's rights does not, of necessity, restrict this remedy to review of trial matters. Since a defendant is entitled to an appeal as of right from a judgment of conviction (CPL 450.10 [1]), a broad reading of CPL 440.10 (1) (h) would arguably incorporate an ineffective appellate counsel claim *(People v Ramos, supra,* p 212). Moreover, CPL article 440 was never intended to abolish the common-law coram nobis writ, which may be utilized to review the deprivation of a defendant's right to effective counsel on appeal *(see, People ex rel. Douglas v Vincent,* 50 NY2d 901, 904-906, *supra* [Meyer, J., dissenting]; *see also, Landskroner v Ternullow, supra,* p 405). The coram nobis procedure has been employed in the past to protect a defendant wrongfully deprived of the right to appeal *(see, People v Lampkins,* 21 NY2d 138; *People v Adams,* 12 NY2d 417) and may be expanded to afford a party judicial relief otherwise unavailable *(People v Hairston,* 10 NY2d 92, 93-94). In his dissenting opinion in *People ex rel. Douglas v Vincent (supra,* p 904), Judge Meyer expressly recognized the use of either a CPL 440.10 proceeding at the trial level or a common-law proceeding at the Appellate Division as an appropriate procedural vehicle to review an ineffective appellate counsel claim.

Nor does CPL 440.10 (2) (c) serve to bar the present claim. That provision prevents collateral review of any issue not raised on direct appeal due to a defendant's "unjustifiable failure" to make the presentation. Logic dictates that where an issue has been omitted on direct appeal due to counsel's error, a defendant's failure may not ipso facto be branded "unjustifiable" *(People v Ramos, supra,* p 212; *see, Johnson v Metz,* 609 F2d 1052, 1056).

We conclude that a CPL 440.10 motion is an appropriate method for challenging a judgment on effective appellate counsel grounds. Since County Court denied the motion without review of the merits, we reverse and remit the case for an appropriate review. In the event petitioner establishes a constitutional deprivation of effective appellate counsel, the judgment should be vacated and defendant resentenced nunc pro tunc so as to allow a new appeal *(see, People v Ramos, supra,* p 213). In so deciding, we express no opinion as to the merits of the claim, nor in any way impugn the integrity of the underlying appellate decisions.

Order reversed, on the law, and matter remitted to the County Court of Chemung County for further proceedings not

inconsistent herewith. Weiss, Yesawich, Jr., and Levine, JJ., concur.

Mahoney, P. J., and Kane, J., dissent and vote to affirm in a memorandum by Kane, J. Kane J. (dissenting). For the reasons stated in the dissent in *People v Ramos* (108 AD2d 209), we find that the issue of ineffective assistance of counsel should not be raised in County Court on a motion to vacate the judgment of conviction pursuant to CPL 440.10, but rather should be raised in this court by motion to recall or vacate the prior order of this court affirming the judgment of conviction. Defendant's CPL article 440 motion was, therefore, properly denied.