■ THE PEOPLE OF THE STATE OF NEW YORK, v WILLIE KINARD, Defendant.—Motion for writ of coram nobis denied, without costs. Memorandum: Defendant seeks coram nobis relief in this court claiming that he was denied his constitutional right to effective assistance of appellate counsel on his direct appeal *(People v Kinard,* 67 AD2d 1111, *lv denied* 46 NY2d 944). At the outset, we must resolve the issue of whether this is the proper court to entertain defendant's application. To date the Court of Appeals has expressed no view on this issue *(see, People ex rel. Douglas v Vincent,* 50 NY2d 901, 903). The Second Department in *People v Ramos* (108 AD2d 209) and the Third Department in *People v Bachert* (121 AD2d 802) have ruled that such application should be raised in the trial court on a motion to vacate the judgment of conviction pursuant to CPL 440.10. We decline to follow the Second and Third Departments and, like the dissenters in *People v Bachert (supra,* at 805), we adopt the rationale expressed in the dissent in *People v Ramos (supra,* at 213-217).

Coram nobis (literally translated "our court") by its very essence is a procedure brought in the court wherein the error is alleged to have occurred. Therefore, defendant's initial CPL 440.10 application to the criminal court was properly denied as this court is the proper forum to address this issue.

The standard for reviewing any claim of ineffective assistance of counsel is whether the defendant was provided "meaningful representation", thus satisfying the constitutional requirement *(see, People v Baldi,* 54 NY2d 137, 146-147). We find no merit to petitioner's claim that the failure of his appellate counsel to raise any of the issues set forth in his motion papers denied him the effective assistance of appellate counsel. Given the information available to them, the police had ample probable cause to believe that defendant had committed a felony, to wit, possession of a controlled substance. The expert testimony given by the police chemist at trial was competent to show the substance defendant was accused of possessing was, in fact, heroin *(see, People v Dore,* 129 AD2d 992). There was no abuse of discretion or error on the part of the trial court in ordering the courtroom closed during the testimony of an undercover police officer. Prior to

closing the courtroom, the court conducted a proceeding in chambers (at which defendant and his counsel were present) during which the prosecutor stated on the record that the proposed witness was still an undercover agent; that there were pending narcotics investigations; that subjects of those investigations were present in the courtroom; and that there was a real concern for the witness' safety *(see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911; *People v Garcia,* 51 AD2d 329, *affd* 41 NY2d 861; *cf., People v Venters,* 124 AD2d 57). Present—Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.