**John R. McCOOL, Petitioner,**

v.

**NEW YORK STATE and Dennis C. Vacco, Attorney General, Respondents.**

**No. 96–CV–442F.**

United States District Court, W.D. New York.

Nov. 20, 1998.

John R. McCool, Huntingdon, Pennsylvania, petitioner pro se.

Dennis C. Vacco, Attorney General of the State of New York (Charles J. Genese, Assistant Attorney General, of Counsel), Rochester, New York, for respondents.

## JURISDICTION

FOSCHIO, United States Magistrate Judge.

Petitioner, John R. McCool ("McCool"), initiated this action on July 3, 1996, requesting habeas corpus relief under 28 U.S.C. § 2254. The parties executed a consent to proceed before the undersigned pursuant to 28 U.S.C. § 636(c).

## BACKGROUND

McCool was indicted by an Ontario County grand jury on May 5, 1980 and charged with robbery in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree in violation of the New York Penal Law. Following a jury trial, McCool was convicted of robbery in the first degree. On November 12, 1980, McCool was sentenced as a persistent felony offender to an indeterminate term of fifteen years to life for that conviction.

McCool's petition challenges the constitutionality of the sentencing court's finding that he qualified for sentencing as a persistent felony offender. The constitutionality of McCool's underlying conviction, however, is not challenged.

Respondent's answer, accompanied by a memorandum of law, was filed February 11, 1997. McCool filed an "Opposition to Respondents' Answer" on March 4, 1997, to which Respondents filed a letter in reply on March 18, 1997. Oral argument was deemed unnecessary.

Based on a review of the papers submitted, along with the state court record, the petition is DISMISSED.

## FACTS[1]

On July 30, 1980, McCool was convicted of robbery in the first degree following a jury

1. As the constitutionality of McCool's underlying conviction is not before the court in this proceed-

trial over which Ontario County Court Judge George A. Reed presided. (T at 329).[2] Specifically, McCool was found guilty of robbing a woman at gunpoint by entering her car in which she was sitting, firing a gunshot as a warning, and informing the woman that "[t]he next one is for you." (T at 65–69, 70–71). In response to police interrogation, McCool fabricated a story alleging that the gun discharged inside the victim's car following a struggle which ensued after McCool refused to pay her for prostitution services. (T at 172–78). McCool was represented at trial by John E. Tyo, Esq. Respondents' Exhibit 16.

Following the verdict, the District Attorney, seeking to have McCool sentenced as a persistent felony offender, filed a document purportedly listing the dates and locations of McCool's prior convictions. Respondents' Exhibit 11 at 2. McCool denied all of the convictions, Exhibit 10, at 3, and Judge Reed scheduled an evidentiary hearing pursuant to N.Y.Crim.Proc.Law § 400.20 to determine whether McCool qualified for sentencing as a persistent felony offender. Exhibit 11, at 1.

Judge Reed also presided over the persistent felony offender and sentencing hearings which were held on November 12, 1980.[3] At the persistent felony offender hearing, the court admitted, over defense counsel's objections, seven certificates of conviction into evidence. (P at 3–7). According to such certificates, McCool was convicted in Pennsylvania on March 26, 1973 of burglary and larceny for which he was sentenced to two to five years incarceration, and on November 18, 1974 of escaping from a Pennsylvania correctional institution for which he was sentenced

to two to four years incarceration. (P at 2–10). The Minnesota certificate of conviction indicates that McCool was convicted in Minnesota on July 26, 1974 of unauthorized use of a motor vehicle for which he was sentenced to eighteen months incarceration. (P at 35).

Additionally, Samuel E. Gordon, a Pennsylvania parole agent, testified that McCool had been convicted of escaping from a Pennsylvania correctional institution for which he served a two year prison sentence in that state beginning in September, 1977. (P at 8–10). Gordon supervised McCool's parole following this sentence. (P at 8). Gordon also testified regarding a number of McCool's prior convictions based on McCool's Pennsylvania parole records. (P at 11–14). The court, however, sustained McCool's objection and struck the testimony concerning McCool's prior convictions. (P at 14–17). Thomas Hunt, an Ontario County Probation Officer who had prepared McCool's presentence report, testified that he had obtained information concerning prior convictions from Pennsylvania, and from a computerized New York State criminal records. (P at 29–30).[4]

The defense did not call any witnesses. However, defense counsel vigorously contested the admissibility of most of the testimony and exhibits relating to McCool's criminal history arguing that the prosecution had not presented a sufficient evidentiary basis upon which to find that McCool was a persistent felony offender. (P at 32–35). Specifically, defense counsel argued that no credible evidence had been presented to show that McCool had actually served time in prison

---

ing, the facts are limited to those necessary to determine whether McCool was denied his constitutional right to due process under the Fourteenth Amendment by the trial court's determination that McCool qualified to be sentenced as a persistent felony offender.

**2.** "T" references are to the trial transcript, attached as Exhibit 7 to the Answer.

**3.** "P" references are to the transcript from the persistent felony offender hearing, a copy of which is attached as Exhibit 12 to the Answer. "S" references are to the transcript of the sentencing hearing, a copy of which is attached as Exhibit 13 to the Answer. This transcript includes the notation "After Hearing", indicating

that the sentencing hearing commenced after the persistent felony offender hearing. (S at 2). Although the precise lapse of time is not indicated, a fair reading of the sentencing transcript reveals that it was relatively brief.

**4.** A third witness, Pennsylvania State Trooper John Andrulewicz, testified regarding two crimes that McCool was suspected of having committed. (P at 17–29). Although the court permitted such testimony, it was later explicitly excluded as a basis for McCool's classification as a persistent felony offender and as a sentencing factor as no arrest or conviction had occurred. (S at 27).

for the convictions, a prerequisite to a finding of persistent felony offender. (P at 34–35).[5]

The court ruled that the prosecution had not submitted sufficient proof that McCool had been previously incarcerated for two felonies and granted an adjournment to allow the district attorney additional time to obtain certificates verifying McCool's record of incarceration. (P at 36). However, McCool objected to the adjournment and Judge Reed commenced the sentencing hearing. (S at 2–3). At that time, McCool sought to address the court. (S at 2). The Judge Reed responded to this request by informing him "[y]ou have a lawyer. You are entitled to speak yourself but better ask your lawyer first." Id. McCool's attorney then stated,

[y]our honor, if I may make a statement for the record. I intend to give Mr. McCool an opportunity to say what he wants but for the record he has made known to me that he wants to make a statement to the court concerning this adjournment and I—I—I—this—his statement is over my objection but I don't see how I could stop him from making a statement. I believe he wants to go forward with this, that is what I believe he is going to tell the court.

Id. McCool then, in a lengthy monologue, addressed the court as follows:

Today's outcome won't change two weeks from now, so if he needs some documents to prove that I was in jail, all you need to do is to ask me and I will tell you that I was in jail. I am not denying the fact that I was in jail. I am not trying to hide it.

(S at 2–3).

McCool further expressed displeasure at being regarded as a "persistent felony offender," stating that the District Attorney was "trying to make it seem that I get out of jail and go back into jail. That is not true." (S at 3). However, he acknowledged that the persistent offender statute applied to him, even though he felt that the term was offensive and misleading.

I got in trouble in New York and [it] just so happens in New York they have this law. I can't help it I don't know anything about it but I'm caught up with it and nothing I can say or do today can change what you're going to sentence me two weeks from now, so I don't want to wait two weeks from now. There is no sense in waiting two weeks from now to get him to give you some papers to prove that I did state time in Pennsylvania or state time in Minnesota.

Id.

McCool continued to address the court, acknowledging that he had, in fact served "state time" in prison in both Pennsylvania and Minnesota for the felony convictions in those states as the prosecution had represented to the court. (S at 3). McCool also admitted to having been convicted for numerous other crimes including unauthorized use of a motor vehicle (S at 4), burglaries at age 11 (S at 5) and at age 17 (S at 7–8), separate convictions in three different counties in Pennsylvania for burglaries committed while on probation for which he was sentenced to two to five years incarceration (S at 9), and escaping from a correctional camp (S at 10). The record indicates no attempt by McCool to refute any of the misconduct for which he had admitted having been convicted.

McCool addressed numerous other topics, including an explanation of the circumstances surrounding some of his offenses, (S at 4–5, 8–10), his opinion of the District Attorney's performance, (S at 6–7, 11–12, 16–18), and repeated assertions that he was not the type of person one thinks of when using the term "persistent felony offender" as he was "not a Mafian character" nor an "organized dealer in dope." (S at 12–13, 19–21, 23–24).

At the completion of McCool's statement, his attorney asserted that, "notwithstanding my client's statement, I still don't think there has been proof of imprisonment." (S at 24). The court then found that McCool had been convicted of a felony on two occasions prior to the commission of the instant crime and

---

**5.** Under New York's persistent felony offender law, a prior out-of-state felony conviction must have resulted in a sentence of imprisonment, and the defendant must have been imprisoned under the sentence prior to commission of the current offense. N.Y.Penal Law § 70.10(1)(b) (McKinney 1998).

had served prison time for such convictions. (S at 27). The judge specified that he was referring to the prior convictions in Pennsylvania and Minnesota to which McCool had admitted. *Id.*

McCool's attorney then reiterated to the court McCool's assertion that he was not a "career criminal" type. (S at 30–31). Counsel requested that McCool receive the minimum sentence permitted under the statute, fifteen years to life, which the court then imposed. (P at 33); Respondents' Exhibit 14 at 2.

McCool, again represented by Mr. Tyo, appealed his conviction, including the finding of his persistent felony offender status and sentence to the Appellate Division, New York Supreme Court, Fourth Department. Respondents' Exhibit 16. The judgment was affirmed in all respects. *People v. McCool,* 142 A.D.2d 1007, 531 N.Y.S.2d 424 (N.Y.A.D. 4th Dept.1988) (table). McCool's motion for leave to appeal to the New York Court of Appeals was subsequently denied. *People v. McCool,* 72 N.Y.2d 1047, 534 N.Y.S.2d 946, 531 N.E.2d 666 (N.Y.1988) (table).

## DISCUSSION

■ In reviewing a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, a federal district court makes an independent determination as to whether the petitioner is in custody in violation of his rights under the Constitution, or any laws and treaties of the United States. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), *reh'g denied,* 501 U.S. 1277, 112 S.Ct. 27, 115 L.Ed.2d 1109 (1991). In reviewing habeas petitions, federal courts do not function as appellate courts to review matters within the jurisdiction of the state, or to review rulings and decisions of state trial and appellate courts, rather, the court only determines whether the proceedings in the state court amount to a violation of federal constitutional rights. *Coleman, supra.* Federal review of a state court conviction is limited to errors of federal constitutional magnitude which denied a criminal defendant the right to a fundamentally fair trial. *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). Federal trial courts considering petitions for habeas relief brought pursuant to 28 U.S.C. § 2254, however, should not "act as innovators in the field of criminal procedure, thereby upsetting state convictions because state courts were not prescient and thus failed to comply with federal law that did not exist at the time they ruled." *O'Brien v. Dubois,* 145 F.3d 16, 23 (1st Cir.1998) (citing *Teague v. Lane,* 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) ("Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.")); *see also* 28 U.S.C. § 2254(d)(1).

■ A state prisoner applying for a writ of habeas corpus under 28 U.S.C. § 2254 is not entitled to an evidentiary hearing by the federal court, but the granting of a hearing is within the discretion of the federal district court. *Keeney v. Tamayo–Reyes,* 504 U.S. 1, 4–5, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992); *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), *overruled on other grounds by Keeney v. Tamayo–Reyes,* 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992); *Pagan v. Keane,* 984 F.2d 61, 63 (2d Cir.1993). Further, the relevant state court's determinations as to issues of fact and state law are presumed to be correct unless one of the specified conditions pursuant to 28 U.S.C. § 2254(e), formerly 28 U.S.C. § 2254(d), is found to exist or unless the federal habeas court finds that the relevant state court determination is not fairly supported by the record. *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Absent these factors, the burden rests on the petitioner to establish, by clear and convincing evidence, that a factual determination is erroneous. *Sumner, supra.*

As noted, the court has reviewed the entire state record pertaining to McCool's conviction and sentence, including the trial and sentencing transcripts, along with all of the documents which were before the state courts. McCool has not requested an evidentiary hearing prior to resolving his claims for relief, and has not set forth why the record below is factually inadequate. Accordingly,

the court finds an evidentiary hearing is unnecessary.

### 1. Jurisdiction and Venue

■ As stated, upon serving the minimum term of his New York sentence, McCool was paroled and released to the custody of the Pennsylvania Department of Corrections and is currently incarcerated in a Pennsylvania correctional institution. It is basic that the relief available for a successful habeas petition is release from unlawful confinement, *Walker v. Wainright,* 390 U.S. 335, 336–37, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968). The court thus considers as a threshold matter whether McCool has standing, in this district, to seek federal habeas relief on his New York conviction.

■ Although confined in Pennsylvania, McCool remains subject to the authority of the New York State Department of Parole pursuant to his indeterminent sentence of fifteen years to life. Under 28 U.S.C. § 2254(a), a United States district court has jurisdiction to entertain a petition for habeas relief brought by a person "in custody" pursuant to a state court judgment of conviction. A prisoner who has been placed on parole is "in custody" within the meaning of § 2254. *Jones v. Cunningham,* 371 U.S. 236, 242–43, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). Thus, so long as McCool is subject to New York State Department of Parole authority with regard to his New York conviction, he is within the custody of New York. Further, the fact that McCool is serving his sentence in another state is not a bar to a federal habeas challenge to his New York sentence as a federal habeas claim against a state conviction is properly brought in any district court of the state whose sentence is challenged. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 498–99, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Accordingly, the court has jurisdiction over McCool's federal habeas petition and the instant proceeding is properly venued in this district.

### 2. Exhaustion of State Remedies

■ Respondent urges this court to dismiss McCool's petition on the basis that it contains claims for which McCool has failed to exhaust his state remedies. Respondents' Memorandum of Law filed February 11, 1997 (Doc. # 7) at 13.

■ A state petitioner's federal habeas petition may be dismissed if the petitioner has not exhausted available state remedies as to any of his federal claims, *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, under the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 § 104, 28 U.S.C. § 2254(b)(2), enacted on April 24, 1996, a federal court is permitted to deny a state prisoner's habeas corpus petition on the merits even though the prisoner has not exhausted available state remedies. Thus, Respondent's main contention that the petition should be dismissed as it contains both exhausted and unexhausted claims is not dispositive.

McCool's petition asserts four grounds for relief including that he was unconstitutionally sentenced as a persistent felony offender, ineffective assistance of trial and appellate counsel, vindictive prosecution resulting in a harsh and excessive sentence based on his failure to accept a plea offered by the prosecutor prior to McCool's trial, and destruction of records relevant to his sentence. Petition, ¶ 12(A)–(D).

Respondents argue that McCool has failed to exhaust his claims in state court as required under 28 U.S.C. § 2254 and, accordingly, the petition should be dismissed. The record indicates that McCool's claim that he was improperly adjudicated as a persistent felony offender was presented in his state court petition. Respondents' Exhibit 16. As such, McCool has exhausted state remedies as to that claim.

■ McCool's claims for ineffective assistance of counsel, however, were not presented on appeal to the state appellate courts. Claims for ineffective assistance of trial or appellate counsel raised in a petition brought pursuant to 28 U.S.C. § 2254 are subject to the exhaustion requirement if the state has provided a post-conviction remedy by which the petitioner may present the claim independent of any reliance upon his appellate counsel. *Caballero v. Keane,* 42 F.3d 738, 740, 741 (2d Cir.1994). In *Caballero,* the

court held a § 2254 petition raising an unexhausted claim of ineffective assistance of trial counsel must be dismissed as, under New York law, petitioner could have presented such claim to the state courts on a motion to vacate judgment pursuant to New York Criminal Procedure Law ("N.Y.Crim.Proc. Law"), § 440.10(3) (McKinney 1994).[6] *Cabarello, supra,* at 740. Further, the petitioner's ineffective assistance of appellate counsel claim could have been presented to the state courts through a writ of error *coram nobis. Caballero, supra,* at 741 (citing *People v. Bachert,* 69 N.Y.2d 593, 516 N.Y.S.2d 623, 509 N.E.2d 318 (N.Y.1987), and *People v. Kinard,* 130 A.D.2d 981, 517 N.Y.S.2d 115 (N.Y.A.D. 4th Dept.1987)).[7]

In the instant case, McCool did not present his ineffective assistance of trial counsel claim for direct review to the New York state courts pursuant to N.Y.Crim. Proc.Law § 440.10(3), nor did he ever petition any state court for a writ of error *coram nobis* with regard to his ineffective assistance of appellate counsel claim. McCool has thus failed to exhaust his state remedies as to those claims.[8] Additionally, the court finds McCool's claims for vindictive prosecution re-

sulting in a harsh and excessive sentence and destruction of records were not presented on appeal to the state courts. McCool has thus also failed to exhaust his state remedies as to those claims. Further, under New York law an appeal of a trial court's decision must be filed within thirty days of receipt of the trial court's decision, and McCool is therefore now barred from raising those grounds in another appeal as more than thirty days have passed since receipt of the order denying McCool's request to appeal to the New York Court of Appeals.[9] New York Criminal Procedure Law § 460.10(1)(a). As these claims may no longer be raised in the New York courts, McCool has procedurally defaulted on them. *Washington v. James,* 996 F.2d 1442, 1447 (2d Cir.1993), *cert. denied,* 510 U.S. 1078, 114 S.Ct. 895, 127 L.Ed.2d 87 (1994). Absent a showing of cause and prejudice for a default, McCool is barred from raising these claims on federal habeas review. *Murray v. Carrier,* 477 U.S. 478, 490–91, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Carter v. United States,* 150 F.3d 202, 205 (2d Cir.1998).

For purposes of testing the availability of federal habeas jurisdiction,

---

6. Unless otherwise indicated, all N.Y.Crim.Proc. Law references are to N.Y.Crim.Proc.Law (McKinney 1994).

7. The rule is otherwise for petitions filed under 28 U.S.C. § 2255 where the same attorney represented the petitioner at trial and on appeal as in such circumstances "it would be unrealistic to expect that trial counsel will be eager to pursue an ineffective assistance claim" on appeal. *Billy–Eko v. United States,* 8 F.3d 111, 114 (2d Cir.1993) (holding that where § 2255 petitioner was represented by the same attorney on appeal as at trial, a claim for ineffective assistance of counsel need not be exhausted in the federal courts before being considered in a petition for federal habeas relief). In such case, the only avenue for post-trial review of a petitioner's claim of the effectiveness of appellate counsel is a petition under § 2255. *Billy–Eko, supra,* at 114. Thus, the exhaustion argument if applied in such case effectively insulates appellate counsel's performance from judicial review. Further, the rule in *Billy–Eko* has not been extended to permit consideration of unexhausted claims for ineffective assistance of counsel raised in petitions for federal habeas relief under § 2254. *See, e.g., Lewis v. Keane,* 1996 WL 384896, *1 (S.D.N.Y.1996).

8. McCool relies on *Kimmelman v. Morrison,* 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)

in support of the argument that his failure to exhaust state remedies does not bar him from seeking federal habeas relief with respect to his ineffective assistance of counsel claim. Petitioner's Brief in Support filed March 18, 1997 (Doc. # 9), at 9. However, *Kimmelman's* holding was intended to overrule, in part, the Supreme Court's previous decision in *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), which had determined that the restriction on federal habeas review of Fourth Amendment claims does not extend to Sixth Amendment *ineffective assistance of counsel* claims which are founded primarily on incompetent representation with respect to a Fourth Amendment issue. *Kimmelman, supra,* at 372, 106 S.Ct. 2574. As no Fourth Amendment issues are raised by the instant petition, *Kimmelman* is inapposite.

9. The fact that McCool is not procedurally barred from pursuing his ineffective assistance of counsel claims in state court either pursuant to N.Y.Crim.Proc.Law § 440.10(3) (trial counsel claim) or through a petition for a writ of error *coram nobis* (appellate counsel claim) does not affect the court's finding that McCool has failed to exhaust state remedies as to such claims and thus may not consider them in this habeas proceeding.

"[c]ause" is established by showing "some objective factor external to the defense [which] impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. at 488, 106 S.Ct. 2639. Included among such factors are constitutionally ineffective assistance of counsel, interference by government officials rendering compliance with the state procedural rule impracticable, or situations in which the factual and legal basis for the claim was not reasonably available to counsel at the time of default. *Murray, supra*, at 488, 106 S.Ct. 2639. "Prejudice" is established by showing that "the claimed error worked to [the petitioner's] actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). A fundamental miscarriage of justice is established by showing that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent" of the crime for which he has been convicted. *Murray v. Carrier*, 477 U.S. at 496, 106 S.Ct. 2639.

McCool asserts as ground for failing to present his claims in state court only that "[t]he evidence was not available." Petition, § 13. Newly discovered evidence relevant only to the guilt or innocence of the defendant is not sufficient to grant habeas relief. *Townsend v. Sain, supra*, at 317, 83 S.Ct. 745. For habeas relief to be available, the newly discovered evidence must bear on the constitutionality of the petitioner's conviction. *Smithwick v. Walker*, 758 F.Supp. 178 (S.D.N.Y.), *affd*, 948 F.2d 1278 (2d Cir. 1991). As such, an allegation of newly discovered evidence which could not reasonably have been presented to the state trier of fact requires that the federal court grant an evidentiary hearing to determine if such evidence may implicate the constitutionality of the challenged state conviction. *Townsend, supra*, at 317, 83 S.Ct. 745.

In this case, however, McCool fails to specify what evidence relevant to any claim raised in his petition is available now that previously was not. The court thus need not hold an evidentiary hearing to determine whether such newly discovered evidence bears on the constitutionality of his sentence.

*See Townsend, supra*, at 317, 83 S.Ct. 745 ("the district judge is under no obligation to grant a hearing upon a frivolous or incredible allegation of newly discovered evidence"). As McCool has failed to point to newly discovered evidence sufficient to warrant a hearing as to whether it implicates the constitutionality of his sentence, he has failed to adequately explain why his claims for ineffective assistance of trial counsel, vindictive prosecution, or destruction of records were not raised in his direct appeal to the state appellate courts and thus has failed to demonstrate good cause for the procedural default. This court therefore lacks jurisdiction to consider such grounds.

As stated, however, the "mixed" nature of McCool's petition does not require dismissal on that ground. 28 U.S.C. § 2254(b)(2). Accordingly, in the interest of judicial economy the court will review McCool's claim that he was unconstitutionally sentenced as a persistent felony offender in violation of the Fourteenth Amendment, but will not address McCool's other claims on which he has procedurally defaulted.

### 3. *Motion to Amend Petition*

Anticipating, apparently, the court's treatment of many of his claims, in the event that some of his claims are dismissed for failure to exhaust state remedies, McCool requests leave to amend his petition to present exhausted claims. Petitioner's Brief in Support filed March 18, 1997 (Doc. # 9) at 15. Respondents oppose this request on the basis that McCool has neither specified what amendments he desires to present, nor provided any explanation for his failure to assert such claims in the instant petition. Respondents' Letter in Response to McCool's Request for Permission to Amend Petition, filed March 18, 1997 (Doc. # 10).

A federal habeas petitioner has no absolute right to amend his petition and a motion to amend such petition is considered a second or successive petition for habeas relief insofar as it seeks to add claims that could have been included in the original petition. *See Briddle v. Scott*, 63 F.3d 364, 375 (5th Cir.1995), *cert. denied*, 516 U.S. 1033, 116 S.Ct. 687, 133 L.Ed.2d 531 (1995) (deny-

ing federal habeas petitioner right to amend petition to add certain issues which could have been included in original petition, to avoid having to raise such issues in subsequent federal habeas proceeding that would be subject to dismissal for abuse of the writ). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), amended the procedures applied by federal courts in considering federal habeas corpus petitions including second or successive petitions. Specifically, 28 U.S.C. § 2244(b)(3)(A), as amended, provides

> [b]efore a second of successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).[10]

The court of appeals is required to dismiss any claim presented in a second or successive petition for habeas relief under § 2254 that was not presented in a prior application with regard to the same conviction unless the petitioner demonstrates that (1) the newly presented claim is based on a constitutional law which was previously unavailable and which the Supreme Court has made retroactively applicable to cases on collateral review, or (2) the factual predicate of the new claim could not have been previously discovered despite the exercise of due diligence and such underlying facts, if proven and viewed in consideration of the evidence as a whole, would sufficiently establish by clear and convincing evidence that no reasonable fact finder would have found the petitioner guilty of the charged crimes, but for the constitutional error. 28 U.S.C. § 2244(b)(2)(A) & (B).

As to the instant motion, the court finds that the claims which McCool seeks to add could have been raised in his original petition as they allegedly arise from the same proceedings which were a matter of record. McCool fails to articulate any explanation for his failure to include such claims in his original petition although it is evident from his motion to amend that the claims were ex-hausted when the original federal habeas corpus application was filed. Respondents' Exhibits 16–19. Further, when a second or successive petition for habeas relief is filed in a district court, albeit clothed in the form of a motion to amend, without the requisite authorization by the relevant court of appeals, the district court is required to transfer the petition or motion to the court of appeals pursuant to 28 U.S.C. § 1631. *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir.1996). Accordingly, this court is without authority to either grant or deny McCool's request for leave to amend his petition. The court directs McCool's motion to amend his petition be transferred to the Second Circuit Court of Appeals.

### 4. *Adjudication as a Persistent Felony Offender*

■■■■ McCool does not specifically describe the federal constitutional or other legal basis for his claim that he was wrongfully adjudicated and sentenced as a persistent felony offender under New York law. However, a generous reading of the petition and McCool's brief demonstrates that his constitutional claim is couched as an alleged violation of the Fourteenth Amendment Due Process Clause. As McCool is *pro se*, and in accordance with the direction that pleadings drafted by *pro se* litigants be held to less rigid standards than those drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the court finds McCool's challenge to his persistent felony offender status is based on an alleged violation of the Fourteenth Amendment.

■■■■ Under the Fourteenth Amendment, definition of the statutory maximum and minimum sentences that may be imposed following state criminal convictions is a matter of state legislative prerogative. *Rummel v. Estelle*, 445 U.S. 263, 274, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). A prisoner's sentence is generally not subject to federal habeas challenge provided it is within the state's statutorily established limits. *United States v. Addonizio*, 442 U.S. 178, 186, 99

---

**10.** The AEDPA applies to petitions filed after its effective date. *Reyes v. Keane*, 90 F.3d 676, 678–79 (2d Cir.1996). Here, as noted, McCool's re-quested amended petition was filed May 18, 1997, well after the AEDPA's effective date of April 24, 1996.

S.Ct. 2235, 60 L.Ed.2d 805 (1979); *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948).

▮▮▮▮ Habeas review is available, however, where the petitioner asserts that his sentence was imposed in violation of the Constitution. A sentence will be subject to collateral attack when it is based "upon misinformation of constitutional magnitude," *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), or upon "a foundation so extensively and materially false, which the prisoner had no opportunity to correct ... that [it] renders the proceedings lacking in due process" *Townsend, supra,* at 741, 68 S.Ct. 1252. Federal habeas relief predicated on a challenge to a petitioner's adjudication and sentencing as a persistent felony offender is available where the petitioner demonstrates that (1) his prior convictions were unconstitutionally obtained un violation of the Sixth Amendment guarantee of a right to counsel, *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); (2) he was denied minimum due process protection in obtaining a guilty plea, *Henderson v. Morgan,* 426 U.S. 637, 644–45, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); (3) he was incompetent to stand trial, *Drope v. Missouri,* 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); or (4) he was convicted by an unconstitutionally selected jury, *Batson v. Kentucky,* 476 U.S. 79, 89, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

In *Tucker, supra,* the Supreme Court held that information that at least two of the defendant's three previous felony convictions were unconstitutionally obtained, and thus void, would have bearing on the judge's determination that the defendant qualified to be sentenced as a persistent felony offender. Accordingly, the Court remanded the case to the district court for resentencing to determine whether the predicate convictions were constitutional. *Tucker, supra,* at 445, 92 S.Ct. 589. In *Townsend, supra,* the Supreme Court held that a habeas petitioner was erroneously sentenced as a persistent felony offender when petitioner's criminal record was misread and there was no evidence that petitioner had sufficient previous felony convictions to qualified for persistent felony offender status. *Townsend, supra,* at 740–41, 68 S.Ct. 1252.

In New York, a persistent felony offender is defined as a person "who stands convicted of a felony, after having previously been convicted of two or more felonies." New York Penal Law ("N.Y.Penal Law"), § 70.10(1)(1) (McKinney 1998).[11] Any prior felony conviction in New York qualifies as a predicate felony for the purpose of establishing that the defendant is a persistent offender. N.Y.Penal Law § 70.10(1)(b). If the conviction occurred in another jurisdiction, it qualifies as a predicate felony as long as the crime carried a sentence of imprisonment of at least one year and the defendant was actually imprisoned prior to commission of the instant offense. N.Y.Penal Law §§ 70.10(1)(b)(i) and (ii). The conviction cannot be used as a predicate felony if the defendant was pardoned on the ground of his innocence. N.Y.Penal Law § 70.10(1)(b)(iii).

If a defendant qualifies as a persistent felony offender, the court is authorized to sentence him as though he were convicted of a class A–1 felony. N.Y.Penal Law § 70.10(2). Persons convicted of class A–1 felonies in New York may be sentenced to a minimum term of imprisonment of fifteen to twenty-five years and a maximum term of life imprisonment. N.Y.Penal Law § 70.00(2)(a) and (3)(a)(1). Before imposing such a sentence, however, the court must find

> that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest.

N.Y.Law § 70.10(2).

New York's Criminal Procedure Law defines the required procedure to be followed to determine whether the defendant qualifies as a persistent felony offender. After the defendant's conviction on the instant offense,

---

**11.** Unless otherwise indicated, all N.Y.Penal Law references are to N.Y.Penal Law, McKinney 1998.

the prosecution must file a statement setting forth the date and place of prior convictions and serve a copy of the statement on the defendant. N.Y.Crim.Proc.Law § 400.40(2) and (3). The court must then "determine whether the defendant is the same person mentioned in the record of such judgment or judgments." N.Y.Crim.Proc.Law § 400.40(2). If the defendant admits the convictions, the court may proceed to sentencing. N.Y.Crim.Proc.Law § 400.40(3). However, if the defendant denies the convictions or remains mute, the court must conduct a hearing without a jury. N.Y.Crim. Proc.Law § 400.40(3) and (5). The prosecution bears the burden of proving beyond a reasonable doubt "that the defendant has been convicted of any offense alleged in the statement." N.Y.Crim.Proc.Law § 400.40(5), and such finding must be based on "evidence admissible under the rules applicable to trial on the issue of guilt." *Id.*

McCool claims that the court improperly determined that he was a persistent felony offender under N.Y.Penal Law § 70.10. He states that such adjudication was based on inaccurate information concerning his criminal record. Petition, ¶ 12(A). In support of this contention, he alludes to a printout of his criminal history that was provided to him at the time he appeared for his parole release interview in 1995. Petition, Exhibit A.

However, the record contradicts McCool's assertion. Specifically, a synopsis of McCool's prior criminal record was attached as Appendix "A" to the Ontario County Court Order dated October 21, 1980, directing that a persistent felony offender hearing be held. Respondents' Exhibit 11. Defense counsel admitted at McCool's sentencing hearing that he had been provided with a copy of presentence report prepared by the Ontario County Probation Department. (S at 31–32). Further, certificates of McCool's prior convictions were admitted into evidence at the persistent felony offender hearing. (P at 3–7);

The Respondent points out that discrepancies between the printout provided to McCool at his subsequent parole interview in 1995 and the information utilized by the trial court at sentencing in 1980 do not undermine the determination of the trial court. McCool's own statements in his petition supports Respondents' assertion as McCool admitted that while the record used at his sentencing had errors relating to convictions prior to April, 1972, it was otherwise accurate. Petition, ¶ 12(A) ("Thereafter, from 9–27–72 the record is perfectly accurate.") McCool's Inmate Status Report for Parole Board Appearance, which he attached as an exhibit to his petition, lists three felony convictions since September, 1972 including two Pennsylvania convictions on March 26, 1973 and November 18, 1974, and one Minnesota conviction on July 26, 1974. Petition, Exhibit I at 3.[12] McCool also acknowledged to the sentencing court that he met the requirements of the persistent offender statute when he admitted on the record that he served time in prison for both the Pennsylvania and Minnesota convictions. (S at 2–3). Judge Reed specifically referred to the Minnesota and Pennsylvania convictions in sentencing McCool as a persistent felony offender. (S at 27).

Further, the record indicates that McCool's statement at the sentencing hearing with regard to his previous felony convictions was made voluntarily, after consulting with his attorney. (S at 2). There is nothing in the record to suggest that the McCool made his statement under duress or that he was ignorant of the legal consequences of such statement. Indeed, his counsel informed the court that McCool's statement was made over his objection to McCool's statement. (S at 2). The performance of McCool's counsel during the trial and sentencing hearing demonstrates that he aggressively and competently protected McCool's rights. That defense counsel forcefully argued at the sentencing hearing that the evidence and testimony fell short of proving McCool's status as a persistent offender such that the court initially declined to make

---

**12.** McCool's Inmate Status Report does not list the actual dates of convictions, but only the dates of the arrests which led to such convictions. The dates of convictions are indicated on McCool's Prior Criminal Record, attached as Appendix "A" to Judge Reed's Order of October 22, 1980, scheduling McCool's persistent felony offender hearing (Respondents' Exhibit 11).

the requisite findings and adjourned the proceeding, supports this finding. Hence, there is no basis on which to find that McCool was improperly advised regarding the legal consequences of acknowledging his criminal history during the sentencing hearing rising to a constitutional deprivation.

There is, moreover, also no indication in the record, nor does McCool argue, that he was incompetent to decide whether to make a statement. No motion was ever made to have McCool declared incompetent to stand trial and no basis for such a motion is apparent from the record. Although McCool's statement prior to sentencing was not a model of clarity or logic, his meaning is sufficiently clear: McCool did not want to wait until the expected adjourned date because he knew that such a wait was futile, based on the fact that he had been convicted of the requisite two prior felonies for which he was imprisoned for at least one year in each case.

Significantly, McCool does not claim that any of his prior convictions to which he admitted at the sentencing hearing were either unconstitutionally obtained or reversed. Nor has McCool challenged that he was, in fact, incarcerated with regard to those convictions. Further, the record indicates that McCool was provided at the sentencing hearing with an opportunity to contest the validity of those convictions, as well as the accuracy of his criminal record on which the adjudication of McCool's status as a persistent felony offender was based. (P at 32–36). Judge Reed even offered to adjourn the sentencing hearing for two weeks to permit the prosecution and McCool to obtain evidence as to whether McCool was actually incarcerated on the previous convictions. (P at 36). It was only at McCool's insistence (he did not want to wait two weeks for the inevitable production of documents that would demonstrate what he already knew was a fact, *i.e.,* that he had previously been incarcerated numerous times, on at least two convictions with sentences more than one year, and thereby qualified under New York law to be sentenced as a persistent felony offender) that sentencing proceeded. (S at 2–22). Finally, the record amply demonstrates the sentencing court had a sufficient basis under New York law for its determination that McCool qualified as a persistent felony offender and McCool points to no evidence to the contrary. McCool expressly stated to the sentencing court that he waived his right to a hearing on his persistent felony offender status.

Thus, nothing in the record supports McCool's assertion that the sentencing court deprived him of federal due process by incorrectly determining that he had been convicted of at least two felonies, for which he served time in prison, prior to the commission of the instant offense as required by N.Y.Penal Law § 70.10.

### *CONCLUSION*

Based on the foregoing, the petition is DISMISSED. Further, as the court finds there is no substantial question presented for appellate review, a certificate of appealability will not issue. 28 U.S.C. § 2253, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. McCool's motion to amend is referred to the Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

SO ORDERED.