■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURO CABALLERO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Lipp, J., at trial; Wexner, J., at sentence), rendered March 29, 1988, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree and conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The testimony of the undercover police officer, to whom the defendant gave the cocaine, established that the defendant was alert and coherent throughout the transaction. Significantly, the defendant, who testified in his own behalf at trial, never claimed that he did not intend to participate in the transaction because he was inebriated.

Under the circumstances, we find that there was insufficient evidence in the record for a reasonable person to entertain a doubt that the defendant's intent was affected by his purported intoxication. Accordingly, the trial court properly declined to charge the jury with respect to the defendant's intoxication (Penal Law § 15.25; *see, People v Perry,* 61 NY2d 849; *People v Orr,* 35 NY2d 829; *People v Iturrino,* 117 AD2d 502).

The trial court did not err in declining to charge the affirmative defense of entrapment with respect to criminal possession of a controlled substance in the first degree. The tape recorded conversation between the defendant and the confidential informant established the defendant's willingness to participate in the drug transaction. Moreover, the defendant admitted at trial that he used cocaine and that on the day of the transaction he had ingested two grams of that substance.

Under the circumstances, we find that the defendant did not meet his burden of establishing that he did not have the predisposition to commit the crime of criminal possession of a controlled substance in the first degree. Therefore, the court properly declined to charge entrapment with respect thereto (see, Penal Law § 40.05; *People v Butts,* 72 NY2d 746; *People v Alwadish,* 67 NY2d 973, 974; *People v Surpris,* 125 AD2d 351; *People v Bradley,* 112 AD2d 441; 1 CJI[NY] 40.05, at 924).

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Rosenblatt and Miller, JJ., concur.