Mauro **CABALLERO,** Petitioner–
Appellant,

v.

John P. **KEANE,** Respondent–Appellee.

No. 338, Docket 93–2589.

United States Court of Appeals,
Second Circuit.

Argued Sept. 20, 1994.

Decided Dec. 12, 1994.

---

Sheryl Gross–Glaser, Brooklyn, NY, for petitioner-appellant.

Bruce E. Whitney, Asst. Dist. Atty., Mineola, NY (Denis Dillon, Dist. Atty., Peter A. Weinstein, Asst. Dist. Atty., Mineola, NY, of counsel), for respondent-appellee.

Before: VAN GRAAFEILAND, MINER and McLAUGHLIN, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Mauro Caballero appeals from an order of the United States District Court for the Eastern District of New York (Spatt, J.) denying his petition for habeas corpus relief. We vacate the order and remand to the district court with instructions to dismiss the petition because of petitioner's failure to exhaust his state remedies.

On March 29, 1988, after a jury trial in Nassau County Court, petitioner was convicted of criminal possession of a controlled substance in the first and third degrees, and conspiracy. He was sentenced to concurrent prison terms of fifteen years to life on the first degree possession charge, and two to six years on each of the other two charges. On direct appeal to the Appellate Division, Caballero argued that the trial court erred in failing to charge the defenses of intoxication and entrapment and in summarily denying his motion to set aside the jury verdict. He also claimed that he had received ineffective assistance of counsel and he challenged the prosecutor's summation. The Appellate Division rejected these claims and affirmed the convictions. *People v. Caballero*, 160 A.D.2d 810, 553 N.Y.S.2d 848 (1990). In Caballero's applications for leave to appeal to the New York Court of Appeals, the only claims of error were the trial court's failure to instruct the jury on the intoxication and entrapment defenses and its refusal to set aside the verdict. The Court of Appeals declined to review these claims. *People v. Caballero*, 76 N.Y.2d 785, 559 N.Y.S.2d 990, 559 N.E.2d 684 (1990).

Caballero then petitioned the district court for a writ of habeas corpus, arguing that the trial court erred in its instructions to the jury and in failing to grant a new trial based on newly discovered evidence. He also contended that his trial counsel was ineffective. In support of the ineffective assistance claim, Caballero presented affidavits stating that his attorney had conducted his defense while

under the influence of drugs, allegations that he had not made in any of the state proceedings. Caballero argued that this new evidence did not alter the ineffective assistance claim he had raised in his state appeal and that his state remedies for this claim were exhausted.

The State responded to these claims by requesting dismissal on exhaustion grounds. It contended that, because the affidavits introduced matters that were not included in the ineffective assistance claim made on direct appeal, they should have been raised by a motion to vacate judgment pursuant to section 440.10 of the New York Criminal Procedure Law. Alternatively, the State contended that, if the affidavits did not change the original claim, Caballero had failed to exhaust his remedies by not raising the ineffective assistance claim in his applications to the New York Court of Appeals. Either way, the State argued, the presence of unexhausted remedies for the ineffective assistance claim made Caballero's petition a "mixed" one, and mandated dismissal under the total exhaustion rule of *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

The district judge denied Caballero's petition. Although Caballero had failed to challenge the adequacy of his trial counsel before New York's highest court, the district judge refused to dismiss. He held that inasmuch as relief via the Court of Appeals now was procedurally barred, Caballero met the statutory exhaustion requirement for habeas corpus because he had no other state "remedies available" under 28 U.S.C. § 2254(b) & (c). *See Grey v. Hoke,* 933 F.2d 117, 120–21 (2d Cir.1991).

On appeal, Caballero reverses the position he took in district court and argues that the district judge should have dismissed his petition. Caballero points to an unexhausted state remedy for his ineffective assistance of counsel claim that he failed to address below, i.e., the section 440.10 motion to vacate judgment. Caballero also makes a claim that was not presented in the state courts or in the original habeas petition. He contends that his second attorney, who argued his state appeals and his habeas petition, also provided ineffective assistance. He attacks his appellate attorney's failure to argue for reversal in the Appellate Division on the ground that the petitioner was not present in court when certain jury instructions were given. Because Caballero first raised this issue in a supplemental brief to this Court, the State has not had the opportunity to address it.

## DISCUSSION

Before a federal court may consider an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, the petitioner must have exhausted all the remedies available in the state courts. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Grey v. Hoke, supra,* 933 F.2d at 119–21. This exhaustion requirement extends to every federal claim made by the petitioner. If unexhausted state remedies exist for any claim in the application, the district court must dismiss the entire petition. *Rose v. Lundy, supra,* 455 U.S. at 522, 102 S.Ct. at 1205. Here, Caballero has failed to avail himself of an important New York procedure for airing his ineffective assistance of counsel claim—a post-trial motion to vacate judgment. *See* N.Y. CPL § 440.10. Motions to vacate judgment, which permit "evidentiary exploration" of matters both on and off the record, are the preferred avenue for inadequate representation claims in New York. *See People v. Brown,* 45 N.Y.2d 852, 853–54, 410 N.Y.S.2d 287, 382 N.E.2d 1149 (1978) (mem.).

Caballero's petition and supporting affidavits raise a matter clearly outside of the trial record—allegations that his attorney conducted his defense under the influence of drugs. Although drug use alone does not establish ineffectiveness, *see Berry v. King,* 765 F.2d 451, 454 (5th Cir.1985), *cert. denied,* 476 U.S. 1164, 106 S.Ct. 2290, 90 L.Ed.2d 731 (1986); *Young v. Zant,* 727 F.2d 1489, 1492–93 (11th Cir.1984), *cert. denied,* 470 U.S. 1009, 105 S.Ct. 1371, 84 L.Ed.2d 390 (1985), it may be a significant factor when determining the adequacy of trial representation. "[T]o reach the merits of [an ineffective representation claim], all of [the] allegations must have been presented to the state courts, allowing them the 'opportunity to consider *all*

the circumstances and cumulative effect of the claims as a whole.'" *Sanford v. Senkowski*, 791 F.Supp. 66, 68 (E.D.N.Y.1992) (quoting *Rodriguez v. Hoke*, 928 F.2d 534, 538 (2d Cir.1991) (citing *Grady v. LeFevre*, 846 F.2d 862, 865 (2d Cir.1988))). Here, an important premise of Caballero's ineffective assistance claim, allegations concerning his trial counsel's drug use, has not been heard in New York's courts. Because an unexhausted state procedure for considering this contention is available, dismissal is appropriate. *See Daye v. Attorney Gen. of New York*, 696 F.2d 186, 191 (2d Cir.1982) (en banc), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984); *United States ex rel. LaSalle v. Smith*, 632 F.Supp. 602, 605–07 (E.D.N.Y.1986).

■ The State correctly argues that dismissal is not required when evidence presented for the first time in a habeas proceeding supplements, but does not fundamentally alter, the claim presented to the state courts. *See Vasquez v. Hillery*, 474 U.S. 254, 260, 106 S.Ct. 617, 621–22, 88 L.Ed.2d 598 (1986); *see also Miller v. Estelle*, 677 F.2d 1080, 1083–85 (5th Cir.), *cert. denied*, 459 U.S. 1072, 103 S.Ct. 494, 74 L.Ed.2d 636 (1982). However, the new allegations of drug use and its effect on the efforts of Caballero's trial attorney cannot be deemed "merely supplemental." Instead, they "cast [the ineffective assistance] claim in a significantly different light." *See Cruz v. Warden*, 907 F.2d 665, 669 (7th Cir.1990). A claim of ineffective assistance can hinge on one allegation or, as here, the cumulative effect of several. *See Sanford v. Senkowski, supra*, 791 F.Supp. at 69; *see also Rodriguez v. Hoke, supra*, 928 F.2d at 538. Thus, without having been asked to consider the drug-related allegation, the New York courts cannot be said to have had a fair opportunity to pass on this claim. *Id.*

■ We are not persuaded by the State's argument that Caballero should be precluded from arguing non-exhaustion of state remedies in this Court because he argued exhaustion of remedies below. Conversely, the State, which argued non-exhaustion of remedies below, now argues in this Court that remedies were exhausted. An important unresolved issue has not yet been considered by the state courts, and a procedure especially suited to air this issue is still available. In the interests of comity, we should not permit cross-claims of waiver to preclude access to this procedure.

■ Because we find that Caballero has not exhausted his state remedies for his claim of ineffective assistance of trial counsel, we need not consider his attack on his appellate attorney's representation. We pause only to note that New York allows a defendant to raise ineffective assistance of appellate counsel claims by writ of coram nobis, *see, e.g., People v. Bachert*, 69 N.Y.2d 593, 516 N.Y.S.2d 623, 509 N.E.2d 318 (1987); *People v. Kinard*, 130 A.D.2d 981, 517 N.Y.S.2d 115 (1987), and that there is no evidence that Caballero has yet pursued this route.

We vacate the district court's denial of Caballero's petition and remand to the district court with instructions to dismiss the petition because of Caballero's failure to exhaust his state remedies.