107 F.3d 2
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Nathaniel DAVIDSON, Petitioner-Appellant,
v.
John P. KEANE, Supt. Sing Sing Corr. Facility, Respondent-Appellee.
 No. 96-2421.
 United States Court of Appeals, Second Circuit.
 Feb. 14, 1997.
 
 Appearing for Appellant: Michael B. Lumer, New York, New York.
 Appearing for Appellee: Samuel J. Levine, Assistant District Attorney, Kings County, Brooklyn, New York.
 Present: OAKES, WINTER, and CABRANES, Circuit Judges.
 
 
 1
 Nathaniel Davidson appeals from Judge Weinstein's dismissal of one claim in Davidson's habeas corpus petition due to nonexhaustion of state remedies and denial of the remaining three claims on the merits. Davidson was convicted of murder following a jury trial. In his petition under 28 U.S.C. 2254, Davidson asserted four grounds for relief: (i) his confession was coerced and obtained in violation of his right to counsel; (ii) an overly extensive "no adverse inference" jury charge violated his right against self-incrimination; (iii) his trial counsel was ineffective; and (iv) his appellate counsel was ineffective. Judge Weinstein ruled that Davidson had not exhausted his state remedies on his ineffective assistance of trial counsel claim, because the state court, when it reviewed the claim, did not have before it factual information that arguably supports and amplifies Davidson's claim. We affirm the dismissal of Davidson's ineffective assistance of trial counsel claim but vacate the denial of his remaining claims. The entire petition must be dismissed without prejudice.
 
 
 2
 Before pursuing federal habeas corpus relief under 28 U.S.C. § 2254, the petitioner must first have exhausted his state remedies. See, e.g., Daye v. Attorney General of New York, 696 F.2d 186, 190 (2d Cir.1982) (en banc); Caballero v. Keane, 42 F.3d 738, 740 (2d Cir.1994). The exhaustion requirement requires the petitioner to have presented to the state court "both the factual and legal premises of the claim he asserts in federal court." Daye, 696 F.2d at 191. In the instant case, there is no dispute that Davidson properly provided the legal premise of his ineffective assistance claim to the state court. He did so in a motion to vacate his conviction under N.Y.Crim. Proc. L. § 440.10, submitted in November 1993, which was denied.
 
 
 3
 The crux of the issue is whether Davidson's proffer of additional information in his federal petition "merely supplement[s]" the claim presented to the state court, or whether it "fundamentally alter[s]" the claim. Caballero, 42 F.3d at 741. Important factual allegations that are added for the first time to an ineffective assistance claim on federal habeas appeal can result in the claim being dismissed for nonexhaustion. "To reach the merits of an ineffective representation claim, all of the allegations must have been presented to the state courts, allowing them the opportunity to consider all the circumstances and cumulative effect of the claims as a whole." Id. at 740-41 (internal brackets, quotation marks, and citations omitted). Daye states: "Specifically, [the petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." 696 F.2d at 191.
 
 
 4
 In the instant case, Davidson argued in his state Section 440.10 motion that his trial lawyer had failed to interview and investigate three alibi witnesses that Davidson had specifically identified: his mother, Maize Davidson, and two other individuals. In his federal habeas petition, Davidson proffered several new allegations: counsel's failure to call additional witnesses as potential alibi witnesses (or at least witnesses to support the testimony of the primary alibi witnesses); failure to introduce a taped broadcast of a reporter's interview with police detective Frank Maddalena, containing statements that were apparently inconsistent with Maddalena's trial testimony; and counsel's failure to investigate the identity of an alleged alternative suspect. Although the issue is a close one, we agree with the district court's conclusion that the new allegations cast the ineffective assistance claim in a significantly different light and thus that the claim was "not fairly presented to the state courts." In particular, the failure to look into the taped broadcast is, in our view, "an essential factual allegation" or "material factual allegation," in the language of Daye, 696 F.2d at 191. See also Rodriguez v. Hoke, 928 F.2d 534, 538 (2d Cir.1991) ("state courts should have been given the opportunity to consider all the circumstances and the cumulative effect of all the claims as a whole") (citation and internal quotation marks omitted).
 
 
 5
 Our decision to affirm Judge Weinstein's dismissal of the ineffective assistance claim for nonexhaustion is also based on the premise that a renewed motion in state court under Section 440.10 would not be inexorably barred on procedural grounds. Because the state court has discretion to hear Davidson's renewed motion under § 410.10(3), the instant matter is distinguishable from Grey v. Hoke, 933 F.2d 117, 120-21 (2d Cir.1991), in which we held that, where New York procedural rules barred relitigation of the petitioner's claim, the claim was deemed exhausted for federal habeas corpus purposes. We therefore affirm the district court's dismissal of Davidson's ineffective assistance of trial claim without prejudice to renewal after exhausting state remedies.
 
 
 6
 We also note that should the New York courts deny relief, Davidson will not be precluded from bringing a second habeas corpus petition in federal court because of the newly amended 28 U.S.C. § 2244(b)(1), which reads, "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." We held recently "that a petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies is not a 'second or successive' petition within the meaning of § 2244." Camarano v. Irvin, 98 F.3d 44, 47 (2d Cir.1996); see also Dickinson v. State, 101 F.3d 791 (1st Cir.1996) (per curiam) (following Camarano ); In re Turner, 101 F.3d 1323 (9th Cir.1996), amended by --- F.3d ----, 1996 WL 772522 (9th Cir. Jan. 21, 1997) (same).
 
 
 7
 Finally, we vacate that portion of the district court's order that purports to dismiss Davidson's remaining three claims on the merits. Under Rose v. Lundy, 455 U.S. 509, 522 (1982), "a district court must dismiss habeas petitions containing both exhausted and unexhausted claims," without reaching the merits of the claims.
 
 
 8
 We therefore affirm in part and vacate in part, with the result that appellant's entire petition should be dismissed without prejudice.