Demetrius COLEMAN, 96–B–1403, Petitioner,

v.

**Melvin L. HOLLINS, Superintendent, Oneida Correctional Facility, Respondent.**

No. 98–CV–6272L.

United States District Court, W.D. New York.

Jan. 18, 2000.

282

Gary Greenwald, Greenwald Law Offices, Chester, NY, for Demetrius Coleman, petitioner.

Sylvia Wade Josh, NYS Attorney General, Rochester, NY, for Melvin L. Hollins, Superintendent, Oneida Correctional Facility, respondent.

## DECISION AND ORDER

LARIMER, Chief Judge.

Petitioner, Demetrius Coleman ("Coleman") now incarcerated at the Oneida Correctional Facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Coleman contends that his judgment and conviction, entered pursuant to his guilty plea, was obtained in violation of his constitutional rights. Specifically, Coleman contends that his trial counsel provided ineffective assistance in connection with the guilty plea proceedings. Because this claim has not previously been submitted to the state courts, Coleman has failed to exhaust his state court remedies and, therefore, the petition is dismissed. *See* 28 U.S.C. § 2254(b)(1)(A).

## FACTUAL BACKGROUND

On March 8, 1996, Coleman appeared in Ontario County Court and pleaded guilty to five counts contained in two separate indictments. Four of the counts charged criminal sale of a controlled substance in the third degree, a class B felony. *See* N.Y.Penal Law § 220.16. That same day, the Honorable Stephen R. Sirkin sentenced Coleman to four and one-half to nine years imprisonment. Coleman did not appeal that judgment.

Several months later, on August 27, 1996, Coleman moved to vacate the judgment and conviction pursuant to New York Criminal Procedure Law Section 440. Specifically, Coleman filed his petition under section 440.10(1)(b) on the grounds that the judgment was procured by "duress, misrepresentation or fraud on the part of the court or a prosecutor. . . ." In that petition, Coleman contended that the court and the prosecutor suggested that he was eligible to be sentenced to a drug treatment program in lieu of incarceration under a newly enacted statute, New York Criminal Procedure Law Section 410 .91. *See* Sentencing Reform Act of 1995 (L.1995, ch. 3, § 74(f)) (provisions now enumerated in section 410.91 apply to sentences imposed after October 1, 1995). Under that section, certain eligible defendants could be sentenced to "parole supervision" and be committed to a drug treatment facility for a period of at least 90 days. It appears that had Coleman been eligible for this program, he could have been sent to the Willard Treatment Center near Rochester, New York.

On September 18, 1996, Judge Sirkin held a hearing on the section 440 motion. He denied the motion from the bench that day and issued a written opinion several months later, on June 5, 1997. On July 8, 1997, Coleman sought permission to appeal Judge Sirkin's decision. On October 1, 1997, the Appellate Division, Fourth Department, denied review and Coleman thereafter commenced this petition for a writ of habeas corpus.

## DISCUSSION

It appears from the proceedings in state court that neither the court, the district attorney nor counsel were knowledgeable as to whether Coleman was even eligible for the drug treatment program. At the section 440 motion hearing before Judge Sirkin, both the Judge and the prosecutor conceded that they did not know whether Coleman would be eligible for treatment in

lieu of the agreed upon four and one-half to nine year sentence. Answer Exhibit H, pp. 2–3, 5. Judge Sirkin, nevertheless, denied the application to vacate the judgment because he had warned Coleman during the plea colloquy that he could not guarantee that Coleman would be accepted into the treatment program. *Id.* at 11. At that proceeding, Coleman's then-lawyer, Salvatore Piemonte ("Piemonte"), admitted that at the time of the plea, he was unaware of the requirements of the statute. *Id.* at 5–6. Only those convicted of class D or E felonies are eligible for the treatment program. *See* N.Y.Crim.Proc.L. § 410.91(5). Since Coleman pleaded guilty to class B felonies, he was clearly ineligible.[1]

The petition now before this Court, although it relates to the same proceeding, is based on an entirely new ground—that Coleman's then-attorney, Piemonte, provided ineffective assistance of counsel in violation of the Sixth Amendment of the Constitution. It is clear from a review of the record that this claim of ineffective assistance of counsel has not been submitted to the state courts for resolution. The prior section 440 motion was not based on ineffective assistance of counsel which could be raised under section 440.10(1)(h), but under section 440.10(1)(b) dealing with "duress, misrepresentation or fraud on the part of the court or a prosecutor...." No claim was made by Coleman on appeal or in the section 440 motion that his trial counsel was ineffective. Armed with new counsel, that appears to be the sole basis for Coleman's present habeas corpus petition before this Court. Coleman argues that his trial counsel, Piemonte, was grossly ineffective when he advised him to plead guilty without carefully determining whether or not he would even be eligible to be considered for a drug treatment sentence in lieu of the jail term that was imposed.

It is, of course, a well established principle of habeas corpus practice that a petition for relief ordinarily must be dismissed unless petitioner has first presented his constitutional claims to the state courts. *See* 28 U.S.C. § 2254(b)(1)(A). In fact, until recently, a federal court was required to dismiss such a petition, even if some of the claims had been exhausted. *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Caballero v. Keane,* 42 F.3d 738 (2d Cir.1994). Although the court now has discretion to dismiss such an unexhausted petition on the merits, it need not do so. *See* 28 U.S.C. § 2254(b)(2).

In this case, dismissal on the merits seems inappropriate based on the present state of the record. If in fact Coleman's counsel made false or reckless representations to Coleman about his eligibility for drug treatment, grave issues are raised as to whether Coleman's guilty plea was truly knowing and voluntary. It is difficult at this stage to estimate whether Coleman's trial counsel's misfeasance was such that the outcome of the proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (applying the *Strickland* test to a petitioner's guilty plea).

Therefore, the best course is to dismiss the petition without prejudice and direct Coleman to now submit the claim of ineffective assistance of counsel to the state courts. There does not appear to be any automatic procedural bar to Coleman's now raising the ineffective assistance claim in collateral proceedings through his new attorney. *See Wilson v. Fogg,* 571 F.2d

---

**1.** Exhibit C of respondent's Answer suggests that Coleman was previously convicted of attempted criminal sale of a controlled substance in the third degree, a class B felony. *See* N.Y.Penal Law § 220.39. In addition to excluding as "an 'eligible defendant' for purposes of a sentence of parole supervision" a defendant whose current conviction includes a class B felony (*see* section 410.91(5)), the statute also excludes "a second felony offender ... who ... has ... previously been convicted of ... a class B felony offense...." N.Y.Crim.Pro.L. § 410.91(2). It appears that even if Coleman had pleaded to a lesser charge, he would still have been ineligible for the program based on his prior record

91, 94–95 (2d Cir.1978) (Even if the availability of a remedy in the New York courts is in doubt, the state court must have the opportunity to review its errors absent an authoritative showing that relief is unavailable.); *Martinez v. LeFevre,* 1986 WL 13017, at *1 (S.D.N.Y. Nov.13, 1986) (It is for the state court to determine whether a section 440.10(h) motion is barred under section 440.10(2)(c).); *see also Bolling v. Racette,* 1997 WL 1068682, at *6 (E.D.N.Y. March 27, 1997) ("In New York State, claims of ineffective assistance of counsel have not been consistently barred under § 440.10 where the defendant had the same trial and appellate counsel.").

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is dismissed.

IT IS SO ORDERED.