Wayne WATSON (95–A–5890), Petitioner,

v.

Joseph F. DAVID, Superintendent of: Wyoming Correctional Facility, Respondent.

Nos. 99–CV–1292 (JBW), 03–MISC–0066 (JBW).

United States District Court, E.D. New York.

June 10, 2003.

Wayne Watson, Sing Sing Correctional Facility, Ossining, NY, Pro se.

Daniel T. Butler, District Attorney of Nassau County, Mineola, NY, for Respondent.

## JUDGMENT & ORDER

WEINSTEIN, Senior District Judge.

A hearing in this matter was scheduled by order for July 15, 2003. The court's order was returned as undeliverable, petitioner having been either released or paroled. Petitioner provided no forwarding address to the court. The petition for a writ of habeas corpus is dismissed for failure to prosecute and denied on the merits for the reasons discussed briefly below.

Petitioner was observed by a police officer engaging in what appeared to the officer to be a series of drug transactions. The officer was about 200 feet away from petitioner and across a highway, watching him through binoculars. Based on his observations, the officer began to approach petitioner, who took off his jacket, hung it up on a fence, and then walked into a small store. According to his testimony, the officer then went over to the jacket and

without touching the jacket, I could peer inside the right front pocket. It was stuffed with two ripped open cigarette cartons, small boxes. If you have a pack of cigarettes in, it looked like they were ripped in half. I could see inside them. One contained numerous bags, a lot of bags of clear zip-lock bags, like a white crystalline substance; it looked to be rock cocaine. The other box, it contained a lot of empty ... zip-lock bags, very tiny bags, similar to what I had seen and to what I believe was crack cocaine in the other box. They appeared to be the same size and same clarity that was in the other box. Also in the other box were six butterfly folded rectangles. They appeared to be either cocaine or heroine that was contained in that. I've seen that on the street. That's how it was packed. There were six of those in the other box.

Tr. of Mar. 3, 1995 Hr'g, at 9–10. The officer then went into the shop, arrested petitioner and read him his *Miranda* warnings. Petitioner stated that the jacket was his uncle's.

Petitioner was charged with and convicted of several counts of criminal possession of a controlled substance and one count of criminal use of drug paraphernalia. He was sentenced as a second felony offender to 6 to 12 years in prison. His convictions were upheld on appeal and on collateral attack.

In the present petition, petitioner claims (1) that there was no probable cause to arrest him; (2) that trial counsel was ineffective for failing to interview defense alibi witnesses, failing to investigate the crime scene, and failing "to obtain photographs to establish how petitioner was in possession of confiscated U.S. currency in the total sum amount of [$400]"; and (3) that the trial court improperly denied his appli-

cation to suppress evidence seized from him by the police officer.

## I. AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." *Sellan v. Kuhlman*, 261 F.3d 303, 313 (2d Cir.2001) (quoting *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir.1999)). Under the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., concurring and writing for the majority in this part). Under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495. "[F]ederal law, as determined by the Supreme Court, may as much be a generalized standard that must be followed, as a bright-line rule designed to effectuate such a standard in a particular context." *Overton v. Newton*, 295 F.3d 270, 278 (2d Cir.2002).

## II. Exhaustion

■ A state prisoner's federal habeas petition must be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). "This exhaustion requirement is ... grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The exhaustion requirement requires the petitioner to have presented to the state court "both the factual and legal premises of the claim he asserts in federal court." *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir.1982) (en banc).

A district court may, in its discretion, *deny* on the merits habeas petitions containing unexhausted claims—so-called "mixed petitions." *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."). In addition, the state may waive the exhaustion requirement, but a "State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." *Id.* § 2254(b)(3); *see also Ramos v. Keane*, No. 98 CIV. 1604, 2000 WL 12142, at *4, 2000 U.S. Dist. LEXIS 101, at *10 (S.D.N.Y.2000) (state's failure to raise exhaustion requirement does not waive the issue).

## III. Procedural Bar

A federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule, "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546.

■ If a state court holding contains a plain statement that a claim is procedurally barred then the federal habeas court may not review it, even if the state court also rejected the claim on the merits in the alternative. *See Harris v. Reed,* 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision).

## IV. Ineffective Assistance of Counsel

The Counsel Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to counsel is "the right to *effective* assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (emphasis added). The Supreme Court has explained that in giving meaning to this requirement we must be guided by its purpose—"to ensure a fair trial"—and that therefore the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In order to prevail on a Sixth Amendment claim, a petitioner must prove both that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," *id.* at 688, 104 S.Ct. 2052, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052. *See also United States v. Eyman,* 313 F.3d 741, 743 (2d Cir.2002). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

■ The performance and prejudice prongs of *Strickland* may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Id.* at 697, 104 S.Ct. 2052. In evaluating the prejudice suffered by a petitioner as a result of counsel's deficient performance, the court looks to the "cumulative weight of error" in order to determine whether the prejudice "reache[s] the constitutional threshold." *Lindstadt v. Keane,* 239 F.3d 191, 202 (2d Cir.2001). The court must also keep in mind that "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland,* 466 U.S. at 696, 104 S.Ct. 2052. "The result of a [criminal] proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Purdy v. Zeldes,* 337 F.3d 253, 260, 2003 WL 253144, *6 (2d Cir.2003) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). Ineffective assistance may be demonstrated where counsel performs competently in some respects but not in others. *See Eze*

v. *Senkowski*, 321 F.3d 110, 112 (2d Cir. 2003).

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

■ Each factual claim made in support of an allegation of ineffective assistance of counsel must be fairly presented to a state court before a federal habeas court may rule upon it. *See Rodriguez v. Hoke*, 928 F.2d 534, 538 (2d Cir.1991) (dismissing petition as unexhausted where petitioner's claim of ineffective assistance of counsel alleged more deficiencies before the habeas court than were presented to the state court, because "[t]he state courts should have been given the opportunity to consider all the circumstances and the cumulative effect of all the claims as a whole" (quotation omitted)). Where an additional factual claim in support of the ineffective assistance allegation merely "supplements" the ineffectiveness claim and does not "fundamentally alter" it, dismissal is not required. *Caballero v. Keane*, 42 F.3d 738, 741 (2d Cir.1994). Each significant factual claim in support of an ineffective-assistance allegation premised on appellate counsel's deficient performance must be exhausted. *See Word v. Lord*, No. 00 CIV. 5510, 2002 WL 32145769, at *11, 2002 U.S. Dist. LEXIS 19923, at *34 *35 (S.D.N.Y. Mar. 18, 2002) (Magistrate's Report and Recommendation).

## V. Claims

■ Petitioner first claims that there was no probable cause to arrest him. He bases the claim on the fact that the arresting officer's testimony is patently unbelievable in almost every detail. Petitioner points out the improbability of an officer peering through binoculars at petitioner, who was standing 200 feet away, across a highway, a chain-link fence and a pedestrian walkway. He also suggests the officer's detailed account of what was in his jacket pocket is absurd given that the officer initially "never touched" the jacket. Even if there were merit to petitioner's contentions, under *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), a federal habeas court is barred from reviewing Fourth Amendment claims so long as the state has provided petitioner with the opportunity for a full and fair litigation of his claim.

In the instant case, petitioner was initially denied a hearing regarding the physical evidence because the trial court found that petitioner had "abandoned" his jacket—a conclusion that was arguably unfounded. Nonetheless, at a hearing characterized as a *Huntley* hearing, petitioner was given the opportunity to fully cross-examine the arresting officer. At the conclusion of the hearing, the trial court addressed the physical seizure, "even though . . . we originally denied it on the ground that it appeared that there was abandonment of the property, but we'll cover it here anyhow." Mar. 3, 1995 Hr'g, at 27. The court found the officer's testimony credible in all respects.

■ Petitioner was given a full and fair opportunity to litigate his Fourth Amendment claim. He has suggested no way, either on appeal or before this court, in which he was prevented from raising any arguments before the trial court in support of his claim. Further review is barred under the *Stone* doctrine.

Petitioner next claims that trial counsel was ineffective for failing to interview defense alibi witnesses, failing to investigate the crime scene, and failing "to obtain photographs to establish how petitioner was in possession of confiscated U.S. currency in the total sum amount of [$400]." Although petitioner raised a claim of ineffective assistance of trial counsel in a col-

lateral motion to vacate his sentence of conviction, he raised none of the particular grounds in that motion that he raises in the present petition. His claim is therefore unexhausted. Respondent suggests that the state court would deem the claim procedurally barred, pursuant to section 440.10(3)(c) of the New York Criminal Procedure Law, if petitioner sought to raise it in a new motion to vacate his judgment of conviction. That contention is speculative.

Pursuant to section 440.10(3)(c), a claim that defendant was in a position adequately to raise in a prior section 440.10 motion only "may" be barred, and the trial court "may in its discretion grant the motion if it is otherwise meritorious and vacate the judgment." The claim is not inevitably procedurally barred and is therefore not exhausted.

■ The claim is, however, meritless. Given the fact that the police detective was an experienced investigator who used binoculars, and that he was thoroughly cross-examined at trial, there is no reason to believe that an investigation of the crime scene by counsel would have supplied petitioner with any persuasive evidence challenging the detective's account of the events that transpired. Petitioner does not explain who counsel failed to interview as an alibi witness or what such a witness might have testified to. Petitioner also fails to explain how counsel's failure to obtain "photographs" might have proven his innocence. Petitioner has, in a word, not demonstrated that he was denied the effective assistance of trial counsel.

Finally, petitioner claims that the trial court improperly denied his application to suppress evidence seized from him by the police officer. This claim is barred under *Stone v. Powell* for the same reasons articulated above with respect to the alleged failure of the police to have probable cause to arrest petitioner.

There is no basis for a claim of actual innocence. The evidence of petitioner's guilt was overwhelming.

VI. Conclusion

The petition for a writ of habeas corpus is denied and dismissed for failure to prosecute.

This opinion complies with *Miranda v. Bennett,* 322 F.3d 171, 175–77 (2d Cir. 2003), and Rule 52 of the Federal Rules of Civil Procedure. No other issue open to consideration by this court has merit. *See Sumner v. Mata,* 449 U.S. 539, 548, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) ("a court need not elaborate or give reasons for rejecting claims which it regards as frivolous or totally without merit").

No certificate of appealability is granted, petitioner having failed to make a substantial showing of the denial of a constitutional right. Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2253; *Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

SO ORDERED.