Angel RAMON, Petitioner–Appellant,

v.

**ATTORNEY GENERAL OF THE STATE OF NEW YORK,**
**Respondent–Appellee.**

**Docket No. 04–3382.**

United States Court of Appeals, Second Circuit.

Oct. 3, 2005.

James M. Branden, The Law Office of James M. Branden, New York, NY, for Petitioner.

Solomon Neubort (Leonard Joblove, Ann Bordley, on the brief) Assistant District Attorneys of Counsel, Brooklyn, NY, for Respondent.

Present: JACOBS, SOTOMAYOR, Circuit Judges. and BRIEANT,* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be **AFFIRMED** in part and **VACATED** and **REMANDED** in part for further proceedings consistent with this order.

Angel Ramon appeals from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*) denying his motion for appointment of counsel and his petition for a writ of *habeas corpus*. Ramon's petition alleged that his appellate counsel was ineffective for failing to argue that his trial counsel gave him inadequate advice about a spurned plea offer. The district court denied Ramon's motion for appointment of counsel on the ground that his petition lacked likely merit. The court denied Ramon's *habeas corpus* petition on the merits pursuant to 28 U.S.C. § 2254(b)(2) after conducting an in-court proceeding to further evaluate his claims. This court granted a certificate of appealability to determine whether that proceeding constituted the kind of evidentiary hearing that requires the appointment of counsel under Rule 8(c) of the Rules Governing Section 2254 Cases and whether the district court committed error by failing to appoint counsel. We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues.

We review *de novo* a district court's denial of a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. *Pavel v. Hollins*, 261 F.3d 210, 215 (2d Cir.2001). "Our review of the district court's denial of a hearing on the *habeas* petition is for abuse of discretion," *Pham*, 317 F.3d at 182, as is our review of a district court's denial of the request of a *habeas* petitioner for appointed counsel, *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir.1986).

Under *Strickland v. Washington*, to prevail on an ineffective assistance of counsel claim, a defendant must establish that his

---

* The Honorable Charles L. Brieant, United States District Judge for the Southern District of New York, sitting by designation.

counsel's conduct fell outside the "wide range of professionally competent assistance" and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Because it presents a mixed question of law and fact, the issue of whether defendant's counsel rendered ineffective assistance warrants *de novo* review." *Pham v. United States,* 317 F.3d 178, 182 (2d Cir.2003).

Ramon failed to exhaust per the terms of Section 2254 both his claim alleging that his appellate counsel was ineffective for failing to raise on appeal the ineffectiveness of his trial counsel and the claim that his trial counsel was ineffective (a claim that the district court read as implicit in his ineffective assistance of appellate counsel claim). *See* 28 U.S.C. § 2254(b)(1)(A), (c). Ramon's petition for *coram nobis* in the New York Appellate Division alleged ineffectiveness of appellate counsel, but did not assert the predicate of his federal *habeas* petition—namely, that his trial counsel incompetently advised him about whether to accept the State's plea offer. *See Caballero v. Keane,* 42 F.3d 738, 741 (2d Cir.1994).

Under Section 2254(b)(2), a district court has jurisdiction to deny a *habeas* petition on the merits even when some (or all) of the petitioner's claims are unexhausted. *See Pratt v. Greiner,* 306 F.3d 1190, 1197 (2d Cir.2002). However, Section 2254(e)(2) provides that, absent circumstances not present here, a district court may not hold an evidentiary hearing on a claim raised by a state prisoner who has failed to develop the factual basis of the claim in state court proceedings. It was impermissible, therefore, for the district court to have conducted a proceeding at which the court questioned Ramon, his

former defense attorney, and the prosecutor who had tried the criminal case. Moreover, the court's order denying Ramon's petition on the merits relied in large part on testimony elicited at this proceeding. *See Ramon v. Attorney General of the State of New York,* No. 03–CC–4353, at 5 (E.D.N.Y.2004) (order denying petition seeking appointment of counsel and writ of *habeas corpus*) ("The Court credits the testimony of [the trial and prosecuting] attorneys, and therefore finds that trial counsel properly counseled Ramon regarding the offered plea.").

It may have been possible for the district court to deny the petition based on the record existing prior to the convening of the in-court proceeding. Alternatively, the district court may have preferred to stay Ramon's petition until he had exhausted his remedies in the state courts. *See Ramon,* No. 03–CC–4353, at 5 (stating that the court held the in-court proceeding "[i]n order to properly address this claim"). The district court exercises substantial discretion under Section 2254(b)(2). Since we cannot say how it would have chosen to exercise this discretion in the absence of the evidence adduced at the in-court proceeding-a proceeding at which Ramon was plausibly at a disadvantage vis à vis two trained attorneys-we cannot affirm the denial of Ramon's *habeas* petition.

The certificate of appealability is not clear as to whether it applied narrowly to Ramon's appointment of counsel claim as wholly derivative of his Rule 8(c) claim or more broadly to the additional question of whether Ramon was entitled to counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) (where "the interests of justice so require"). Regardless, in determining whether to dismiss the petition on the basis of the record before it or stay the matter pending exhaustion of petitioner's

claims in state court, the district court on remand is best suited to determine whether Ramon is entitled to counsel pursuant to Section 3006A(a)(2)(B).

For these reasons, the decision of the district court is **VACATED** and the matter is **REMANDED** for further proceedings consistent with this opinion.